IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANIEL OFFIELD,

    Plaintiff,

v.

ERIC HOLDER in his capacity as ATTORNEY GENERAL, U.S. DEPARTMENT OF JUSTICE, and DOES 1 through 50 inclusively,

    Defendants.

No. C 12-03053 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND VACATING HEARING**

## INTRODUCTION

In this employment-discrimination action, defendant moves to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). For the reason stated below, the motion is **GRANTED IN PART AND DENIED IN PART**. The hearing scheduled for November 1, 2012, is **VACATED**.

## STATEMENT

Plaintiff Daniel Offield is a former DEA special agent pilot who was assigned to the DEA Airwing division, the San Francisco field division and Oakland resident office. Plaintiff filed a formal complaint with the DEA's EEO department alleging various theories of discrimination and retaliation. Plaintiff alleged that the DEA management personnel sought to eliminate pilots over forty, like himself, by threatening "discipline, transfer, and assignments to a declared war zone, such as Afghanistan." Plaintiff alleges that he was subjected to the

1  above tactics. For example, he asserts that he was given onerous assignments like deployment
2  to Afghanistan. When he requested to not be deployed there, he alleges that his supervisor,
3  Inselmann, told him "[y]ou are a Senior Guy, and Senior Guys have to go there. If you can't go,
4  maybe you should consider a 9–5 (p.m.) job in asset forfeiture as a Street Agent." He asserts
5  that he was further told by Inselmann that "if he would not voluntarily deploy to Afghanistan,
6  he needed to leave the DEA Airwing" (Compl. ¶¶ 4, 5, 47, 48).

7  Plaintiff asserts that the DEA tried to force him to voluntarily transfer from his pilot
8  position in DEA Airwing to a street agent position, which were "not subject to physically
9  challenging, strenuous, and potential violent enforcement activities and/or confrontations."
10 Plaintiff alleges that when he refused to transfer voluntarily and when he discussed instances
11 of fraud, waste and abuse with the DEA Airwing, he was retaliated against. He asserts that he
12 was required to report to the Oakland office, a seventy-seven mile commute each way, to call
13 his supervision each morning and each night after flying his DEA missions based in Stockton
14 (*id*. at ¶¶ 48, 56, 58).

15 Plaintiff alleges that despite his refusal to voluntarily transfer, he was removed
16 from the DEA Airwing and reassigned as a street agent to the Oakland office (*id*. at ¶ 70).
17 Plaintiff amended his EEOC complaint to reflect this event (EEOC Compl. 45).
18 Nonetheless, plaintiff received a final adjudication from the EEO department finding no
19 discrimination (EEOC Opin. 18–19).

20 While awaiting the decision of his EEOC claim, plaintiff had applied for a transfer
21 out of his position as a special agent in the Oakland office to a supervisory position in the
22 Sacramento office. He was subsequently denied this promotion. As a result, plaintiff retired
23 from the DEA. Plaintiff alleges in this federal action that his removal from DEA Airwing was
24 due to age discrimination and "[a]s a result of Plaintiff's daily commute to the Oakland RO,
25 which was in excess of one hundred fifty (150) miles per day, fives days per week as a street
26 agent, his denial of a promotion to the Sacramento District Office, the fatigue and stress
27 constructively terminated Plaintiff . . ." (Compl. ¶¶ 73, 76, 79).
28

2

Plaintiff's complaint asserts two claims: (1) age discrimination and the resulting constructive termination from the DEA and (2) retaliation under the False Claims Act. In the joint case management statement, plaintiff agreed to dismiss the second claim for retaliation under the False Claims Act (Joint Stmt. 3). Because plaintiff stipulated to dismissing his second claim, it is accordingly **DISMISSED**. This order addresses defendant's motion to dismiss the age discrimination claim for lack of subject-matter jurisdiction.

## ANALYSIS

Rule 12(b)(1) requires dismissal if subject-matter jurisdiction is not established. Exhaustion of EEOC administrative remedies is required before seeking federal adjudication of this action. To determine if all claims are exhausted, the EEOC complaint and the EEOC investigation must be examined. A claim is exhausted if it either "fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which can *reasonably be expected* to grow out of the charge of discrimination." Additionally, the EEOC complaint must be construed "with the utmost liberality." *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994) (internal quotations omitted). Our court of appeals has held:

> When an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination *like or reasonably related* to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC. The same standard should govern when the charge is first filed with a state agency. To force an employee to return to the state agency every time he claims a new instance of discrimination in order to have the EEOC and the courts consider the subsequent incidents along with the original ones would erect a needless procedural barrier.

*Oubichon v. North American Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973) (internal citations omitted and emphasis added).

Defendant contends that plaintiff did not exhaust his administrative remedies because his EEOC complaint did not allege constructive termination from the DEA. Plaintiff responds that his constructive termination claim is like or reasonably related to his EEOC complaint. Plaintiff also argues that his constructive termination claim from the DEA was actually investigated or could have reasonably been expected to grow out of his discrimination complaint.

3

Plaintiff's EEOC complaint alleges, among other theories of discrimination, that plaintiff was discriminated against because of his age. Specifically, DEA Airwing management personnel sought to eliminate plaintiff and many other special agent pilots over the age of forty from their pilot positions (EEOC Compl. 31). Plaintiff amended his EEOC complaint to include his involuntarily removal from his special agent pilot position and reassignment to a street agent position located in Oakland (*id*. at 45). Plaintiff also alleged that, as a retaliation for exercising his EEO rights, plaintiff was required to report to the Oakland resident office in the morning and again in the evening to call his supervisor despite the fact that his aircraft was located in the DEA hangar in Stockton. This required him to commute seventy plus miles each way (*id*. at 37–38).

In this action, plaintiff alleges:

> [d]efendants intentionally removed Plaintiff from his position as a DEA Special Agent Pilot, because of his age, and replaced him with a substantially younger employee with lesser and or inferior qualifications . . . . As a result of said removal from the DEA Airwing, Plaintiff was forced to commute over seventy seven (77) miles each way from his residence to report for work, which essentially constructively terminated Plaintiff from his employment from the DEA, forcing him to retire . . .

(Compl. ¶ 86). Plaintiff's constructive termination claim from the DEA is like or reasonably related to his EEOC complaint because the EEOC complaint included his removal from a pilot position and subsequent reassignment to a street agent position located in Oakland, which is the alleged basis for his federal discrimination and constructive termination claim. The constructive termination claim from the DEA, therefore, fits into the alleged pattern of discrimination described in the EEOC complaint.

Moreover, the facts available to the EEOC investigation, his removal from his position as a pilot and required long-distance commute to Oakland, are the same facts alleged to support plaintiff's constructive termination claim from the DEA. Given the factual overlap and consistent theory of a pattern of discrimination, plaintiff's constructive termination claim from the DEA can reasonably be expected to grow out of the EEOC complaint. To require plaintiff to return to the EEOC would erect a needless procedural barrier.

4

Defendant contends that plaintiff's age discrimination claim in his EEOC complaint was predicated on different acts than his constructive termination claim from the DEA. Defendant relies on *Ong v. Cleland*, 642 F.2d 316 (9th Cir. 1981), for the proposition that plaintiff is required to exhaust claims that assert an additional injury based on a different theory of employer discrimination. In *Ong*, the plaintiff brought a Title VII administrative claim based on a discriminatory promotional decision. Plaintiff later filed a federal action and asserted that the discriminatory promotion caused her to become ill and resulted in her constructive discharge. The plaintiff had not brought this new theory of discrimination administratively. She argued that her constructive discharge was "like or reasonably related to the employer's established discrimination in promotion." Our court of appeals held that the constructive discharge was not like or reasonably related to the discrimination in promotion because "Ong did not allege administratively that her employer had engaged in a pattern or practice of discrimination against her" and "nor did Ong attempt to amend her administrative complaint to encompass events occurring after it was originally lodged." *Ong*, 642 F.2d at 318–320.

The *Ong* decision is distinguishable for two reasons. *First*, unlike *Ong*, plaintiff here did plead facts in his EEOC complaint that support a theory of a pattern or practice of discrimination. For example, he alleged that the DEA used a variety of tactics to eliminate him and many other special agent pilots who were over forty years old. *Second*, unlike *Ong*, plaintiff did amend his EEOC complaint and included his removal from his pilot position to a street agent position in Oakland. This was sufficient to give notice to the agency of the discrimination alleged. Accordingly, plaintiff properly exhausted his administrative remedies regarding his constructive termination from the DEA and defendant's Rule 12(b)(1) motion is **DENIED**.

## CONCLUSION

For the reasons mentioned above, defendant's motion to dismiss is **GRANTED IN PART**, with regard to dismissing the retaliation claim under the False Claim Act, and **DENIED IN PART**,

5

with regard to dismissing the age discrimination and constructive termination claim. The hearing scheduled for November 1, 2012, is **VACATED**.

**IT IS SO ORDERED.**

Dated: October 12, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE