**FILED**

SEP 13 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL J. OFFIELD<br><br>Plaintiff,<br><br>v.<br><br>ERIC HOLDER; ATTORNEY GENERAL, U.S. DEPARTMENT OF JUSTICE, and DOES 1 through 50, inclusively,<br><br>Defendants. | Case No. C 12-03053 JST<br><br>STIPULATED AND [PROPOSED] [PROTECTIVE] ORDER REGARDING CONFIDENTIALITY OF VIDEOTAPED DEPOSITIONS |

Subject to the approval of this Court, plaintiff Daniel J. Offield and defendant Eric Holder, by and through their undersigned counsel, hereby stipulate to the following protective order (hereinafter, "Stipulated Protective Order Re: Videorecordings"):

1. **PURPOSES AND LIMITATIONS**

Entry of the following Stipulated Protective Order Re: Videorecordings is necessary in order to facilitate discovery of information, protect the safety of former and current employees of the Drug Enforcement Administration ("DEA"), and avoid disclosure of personally identifiable information, including but not limited to, likeness, voice patterns, and other individually recognizable characteristics of former and current DEA employees. Disclosures of personally identifiable information related to DEA agents has resulted in instances of violence, threats, and harassment of DEA agents and their families

during ongoing investigations as well as after successful completion of an investigation. Furthermore, disclosure of personally identifiable information of former and current employees may limit their effectiveness in undercover work and other covert efforts in the future, both for the DEA and other law enforcement/national security agencies. The parties therefore request that the Court enter the following Stipulated Protective Order Re: Videorecordings pursuant to Federal Rule of Civil Procedure 26(c).

2. DEFINITIONS

2.1 "Protected Videorecordings": videorecording (regardless of how it is generated, stored or maintained) of the depositions of William Dionne, William Inselmann, and Larry Mendosa in this litigation. The parties reserve the right to designate other videorecordings as Protected Videorecordings.

2.2 "Confidential Videorecordings": videorecording (regardless of how it is generated, stored or maintained) of the depositions of Bruce Balzano, Terrence Epp, John Giuffrida, and Marceolo Mendez in this litigation. The parties have agreed to designate these videorecordings as "CONFIDENTIAL" and as "Protected Material" as defined by the parties' Stipulated Protective Order, dated May 22, 2013, a copy of which is attached as Exhibit A. The parties reserve the right to designate other videorecordings as Confidential Videorecordings.

2.3 "Expert": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action.

2.4 "Non-Party": any natural person, partnership, corporation, association, or other legal entity not named as a party to this action.

2.5 "Plaintiff": Daniel J. Offield and his counsel of record in this action.

3. USE OF PROTECTED VIDEORECORDINGS

The Protected Videorecordings, and any portion thereof, shall be used only for the purposes of this litigation and not for any other purpose.

4. LIMITED DISCLOSURE OF PROTECTED VIDEORECORDINGS

Plaintiff agrees not to disclose the Protected Videorecordings, or any portion thereof, to anyone other than (a) plaintiff Daniel J. Offield; (b) plaintiff's counsel of record in this action (and his legal staff); (c) defendant's counsel of record; (d) actual or potential Non-party witnesses; (d) outside Experts retained

by any of the parties or their counsel for purposes of this litigation; (e) the Court in further proceedings herein; and (f) the videographer(s) responsible for the Protected Videorecordings.

5. NO REPRODUCTION OF VIDEORECORDING

There shall be no reproduction of the Protected Videorecordings, or any portion thereof, by Plaintiff except as described Paragraph 6.

    5.1 This prohibition includes, but is not limited to, any and all digital or electronic reproductions or extracts. Plaintiff is prohibited from creating or copying a clip from the Protected Videorecordings.

    5.2 This prohibition includes, but is not limited to, posting the Protected Videorecordings, or any portion thereof, to the internet or any social media, or electronically distributing a copy of the Protected Videorecordings, or any portion thereof.

6. PLAINTIFF LIMITED TO TWO COPIES OF VIDEORECORDING

Plaintiff is limited to a total of two complete copies of the Protected Videorecordings. One copy may remain in the custody of plaintiff's counsel of record during the pendency of the litigation. Should plaintiff's counsel of record opt to obtain a copy of the Protected Videorecording, that copy must remain in the custody of plaintiff's counsel of record, and no other individual, during the pendency of the litigation. A second copy may remain in the custody of plaintiff Daniel J. Offield during the pendency of the litigation. Should plaintiff Daniel J. Offield opt to obtain a copy of the Protected Videorecording, that copy must remain in the custody of Mr. Offield or his counsel of record, and no other individual, during the pendency of the litigation. Plaintiff may show the Protected Videorecordings, or portions thereof, to those authorized in Paragraph 4, but may not provide them with a copy of the Videorecordings, or any portion thereof.

7. FINAL DISPOSITION

    7.1 Within 60 days after the final disposition of this litigation, Plaintiff shall return all Protected Videorecordings, including copies, to defendant's counsel. Final disposition of this litigation shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands,

1 | trials. or reviews of this action. including the time limits for filing any motions or applications for
2 | extension of time pursuant to applicable law.

3 | 7.2 With respect to Confidential Videorecordings. plaintiff agrees to select the option, provided in Paragraph 13 of the Stipulated Protective Order attached as Exhibit A. to return the Confidential Videorecordings. including copies. to defendant's counsel within 60 days after the final disposition of this litigation. as defined in Paragraph 4 of the Stipulated Protective Order attached as Exhibit A.

8. DURATION

The confidentiality obligations imposed by this Order shall remain in effect until such time as it is modified. amended. or rescinded by the Court and shall survive final disposition of this litigation. The Court shall have continuing jurisdiction to modify. amend. or rescind this Stipulation and Protective Order notwithstanding the termination of this action.

IT IS SO STIPULATED. THROUGH COUNSEL OF RECORD.

DATED: 9/10/13                    _____
                                  Attorneys for Plaintiff

DATED: 9/10/13                    _____
                                  Attorneys for Defendant

PURSUANT TO STIPULATION. IT IS SO ORDERED.

DATED: 9/13/13                    _____
                                  JON S. TIGAR
                                  United States District Judge